UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONNIE WOODALL, Jr., *Pro Se*, | Case No.: 1: 19 CV 858 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| ARMOND BUDISH, *et al*., | |
| | MEMORANDUM OF OPINION |
| Defendants | AND ORDER |

**Background**

*Pro Se* Plaintiff Ronnie Woodall, Jr., a detainee in the Cuyahoga County Jail, has filed an *in forma pauperis* civil rights Complaint in this matter seeking damages and other relief against multiple Cuyahoga County officials and employees, including Armond Budish, Ken Mills, Eric Ivey, Emily McNeeley, Douglas Dykes, and Clifford Pickney. (Doc. No. 1.) In his Complaint, Plaintiff objects to numerous alleged conditions in the Jail, contending they subject him to cruel and unusual punishment. He complains he is not being provided adequate medical care and that numerous other inhumane conditions generally exist in the Jail, including unsanitary food trays, black mold, and asbestos. In addition, he complains there is no law library and that inmates have inadequate access to large muscle recreation, lawyers, and family due to "red zoning." (*Id*. at 3-4.)

**Standard of Review**

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet

basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act, Pub. L. No. 103–134, 110 Stat. 1321 (1996), requires a district court to dismiss before service any prisoner action seeking redress from "a governmental entity or officer or employee of a governmental entity" if the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915A).

## Discussion

Upon review, the court finds the Plaintiff's Complaint must be dismissed.

The Plaintiff does not set forth allegations specifically connecting any defendant to the unconstitutional conditions or misconduct he alleges, and it is well established that supervisory officials cannot be liable for constitutional violations of subordinates under 42 U.S.C. § 1983 solely on the basis of *respondeat superior*. A plaintiff cannot establish the individual liability of any defendant for constitutional violations absent allegations showing that each defendant was personally involved in the conduct which forms the basis of his claims. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, where, as here, individuals are merely named as defendants in a civil rights action

2

without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Further, Plaintiff has not plead facts sufficient to raise a claim against Cuyahoga County under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 3 (1978) for unconstitutional acts resulting in his injury as a result of an unconstitutional policy or custom.

## Conclusion

Accordingly, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 18, 2019